807 So.2d 1004 (2002)
F & G INVESTMENTS, L.L.C.
v.
1313 HICKORY, LTD. and Sean Reynolds, Individually.
No. 01-CA-989.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 2002.
*1005 John V. Marsiglia, Gregory S. Marsiglia, New Orleans, LA, Attorneys for Appellant Sean Reynolds.
William P. Connick, Michael S. Futrell, Connick, Wimberly & deLaup, LLP, Metairie, LA, Attorneys for Appellee F & G Investments, L.L.C.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
CANNELLA, Judge.
In an eviction case, Defendant, Sean Reynolds (Reynolds), appeals from a judgment in favor of Plaintiff, F & G Investments, L.L.C., holding him personally liable on a lease. We reverse in part and affirm in part.
On July 8, 1999, Defendant, 1313 Hickory, Ltd. (Hickory), leased from Plaintiff a piece of property in Jefferson Parish. Hickory operated a pizza restaurant on the property. After the lease's terms were violated by failing to pay the rent timely, insurance premiums and property taxes, Plaintiff filed a Rule to Show Cause Why Premises Should Not Be Vacated. The matter was heard in First Parish Court on May 15, 2001. The trial judge found in favor of Plaintiff and issued a judgment ordering "Defendants" to vacate the premises by a certain date, stating that Plaintiff is "entitled to receive pro rata rent for the 18 days of May 2001 which Defendants occupied the premises ...," and that "Plaintiff is entitled to receive court costs... and attorneys fees ... as stipulated by the parties evidenced by the attached Stipulation."
On appeal, Reynolds contends that the trial judge erred in finding him personally liable. He argues that he did not sign the lease in his personal capacity, but as the representative of Hickory, a limited liability company owned by several people with him as its President. Furthermore, he argues that at trial there was no evidence on his personal liability.
Plaintiff contends that Reynolds' signature on the lease evidences his intent to obligate himself personally on the lease.
In interpreting a contract, the court must determine the common intent of the parties. La. C.C. Art.2045; Professional Dental Health Network, Inc. v. Advantage Health Plan, Inc., 00-1399 (La.App. 5th Cir.1/31/01), 782 So.2d 1068, 1073. If the words of a contract are clear, explicit, and lead to no absurd consequences, the court may make no further interpretation in search of the parties' intent. La. C.C. Art.2046; Professional Dental Health Network, Inc., 782 So.2d at 1073.
Each provision of a contract must be interpreted in light of the other provisions, so that each is given the meaning suggested by the contract as a whole. La. C.C. Art.2050; Professional Dental Health Network, Inc., 782 So.2d at 1073. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after *1006 the formation of the contract, and of other contracts of a like nature between the same parties. La. C.C. Art.2053; Professional Dental Health Network, Inc., 782 So.2d at 1073. Where there is doubt that otherwise cannot be resolved, a provision in a contract must be interpreted against the party who furnished its text; in case of doubt, a contract executed in a standard form of one party must be interpreted in favor of the other party. La. C.C. Art. 2056; Professional Dental Health Network, Inc., 782 So.2d at 1073.
This court has considered both the testimony at trial and the exhibits received into evidence. We carefully read the testimony at trial, wherein Plaintiff bears the burden of proof, by a preponderance of the evidence, to prove each element of its case. The element of the case, that Reynolds was personally liable in the lease, did not come up in testimony. Therefore, we looked to the exhibits to see if it was proven there.
The lease states that it is between "F & G Investments, L.L.C." and "1313 Hickory, Ltd." According to the lease, all notices are to be sent to "F & G Investments, L.L.C." and "1313 Hickory, Ltd." Each page of the lease is initialed by Reynolds and Glenn Gaethe, Plaintiff's managing member. On the last page of the lease, following number 39 of the lease terms and conditions, a paragraph is provided for a "SURETY" to sign. That paragraph binds and obligates the signatory "IN SOLIDO" with the lessee for the obligations under the lease. It is not signed.
Under the "Surety" paragraph are signature lines. Above the first is typed "F & G Investments, L.L.C." Under the first line is typed, "LESSOR: Glenn Gaethe, Managing Member." The signature line is signed "Glenn Gaethe". Above the second line is typed "1313 Hickory, Ltd." Under the second line is typed, "LESSEE: Sean T. Reynolds." The second signature line is signed "Sean T. Reynolds".
The lease states that it is between the two companies and any notices are to be sent to the companies. Furthermore, a special paragraph and signature line is provided in the lease for a party to personally bind himself to the obligations of the lease. That paragraph was unsigned. The absence of his signature there is evidence that Reynolds did not intend to bind himself personally. After our review of the lease and the other exhibits, we find that they do not prove that Reynolds obligated himself personally, but signed as a representative of Hickory.
Furthermore, Plaintiff's argument that Reynolds personally obligated himself because he did not add that he was signing as a representative of Hickory when he signed as "LESSEE: Sean T. Reynolds" is not persuasive and does not favor Plaintiff. The absence of a signature under the paragraph delineating the surety's obligations and the lack of clarification by the signature of Reynolds creates an ambiguity. Since this document is a standard lease and its provisions, including the words under the signature lines, were provided by Plaintiff, any ambiguity is construed against it. Thus, we find that the trial judge erred in finding Reynolds personally liable.
Accordingly, the judgment is hereby reversed as to the personal liability of Sean T. Reynolds. The judgment is affirmed in all other respects. Costs of appeal are assessed against Plaintiff.
REVERSED IN PART; AFFIRMED IN PART.