2CLARENCE E. McMANUS, Judge.
Appellant appeals the granting of Appel-lee’s Peremptory Exception of No Cause of Action. For the reasons which follow, we affirm the trial court’s judgment.
On July 26, 2000, Byron T. Daspit (“Daspit”) executed a written lease for commercial property located at 2240 Piedmont St., Suite A, Kenner, Louisiana. The lease lists Daspit as lessor and PROGIX as lessee. The lease was signed by Daspit as lessor and Larry A. Talbert (“Talbert”) as lessee. The lease expired on July 25, 2001. After the expiration of the lease, the business remained in the premises and paid rent on a month to month basis until December 26, 2001. The business continued to occupy the premises but did not pay rent for December 2001 through May 2002. Daspit sent written notices to Tal-bert regarding the violations of the lease agreement. On April 3, 2002, Daspit sent a notice of past due rent to PROGIX, Inc. A certified mail receipt shows that the letter was delivered on April 4, 2002. Notices to Vacate were sent to Larry A. Talbert, d/b/a PROGIX, Inc. on May 3, 2002 and May 21, 2002.
[3On May 24, 2002, Daspit filed a Petition to Recover Past Due Rent, Damages and Rule to Evict naming Larry A. Tal-bert, d/b/a PROGIX or PROGIX, Inc. as defendants. After the requisite notices to vacate were sent to Larry A. Talbert, d/b/a *987 PROGIX, Inc. and attached to the door of the premises, a Rule for Eviction was set and Talbert, d/b/a PROGIX, Inc. was served. On June 28, 2002, the trial court entered judgment ordering Talbert, or PROGIX, to vacate the premises. Talbert then filed various Exceptions, including a peremptory exception of no cause of action. Talbert argued that the lease listed PROGIX as the lessee, therefore, Daspit had no cause of action against Talbert personally. After a hearing on the matter, the trial judge granted the exception and dismissed Daspit’s claim for unpaid rent against Talbert. Daspit appeals this judgment.
DISCUSSION
The lease executed between the parties clearly names PROGIX as the lessee. The first paragraph of the lease states:
This lease is made between Byron Daspit herein called Lessor, and PRO-GIX 120 Mallard Street, St. Rose, LA 70047, herein called Lessee.
Larry Talbert, individually, is not listed as a lessee. The demands and notices sent by Daspit after failure to pay the rent were addressed to either Larry A. Talbert d/b/a PROGIX, Inc. or PROGIX, Inc. In addition, the Petition filed by Daspit names Larry A. Talbert d/b/a PROGIX or PROGIX, Inc. as defendant. Therefore, Daspit knew that PROGIX was a corporation and that PROGIX was the proper lessee. Daspit’s claim that he thought PROGIX was only a trade name of Talbert is completely unsupported by the record.
In F & G Investments, L.L.C. v. ISIS Hickory, Ltd., 01-989 (La.App. 5 Cir. 1/15/02) 807 So.2d 1004, this Court held that the individual who signed the lease as a representative of a company was not personally liable under that lease. The lease named the lessee as F & G Investments, a limited liability company, and the | individual, who was the company’s president, signed the lease. This Court found that the individual signed the lease as a representative of the company and was not personally liable.
We find that Talbert’s signature at the end of the lease, that names PROGIX as the lessee, does not create individual liability for Talbert. Talbert signed the lease as an agent for PROGIX. Daspit’s only claim for the unpaid rent pursuant to the lease is against the corporation of PRO-GIX. Therefore, Daspit has no cause of action against Talbert individually and the trial court correctly granted Talbert’s exception of no cause of action.
Accordingly, we affirm the trial court’s granting of Talbert’s exception of no cause of action.
AFFIRMED.